**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                            **Case No. 8:06-cv-1873-T-30TBM**

**DAVID W. GOLDSTON,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Motion for Summary Judgment by the United States (Dkt. #27), Notice (Dkt. #29), Defendant's Response in Opposition (Dkt. #46), Motion for Summary Judgment by David Goldston (Dkt. #28), Supplements (Dkts. #30, 32, 33), and USA's Memorandum in Opposition (Dkt. #47). The Court, having considered the parties' cross motions for summary judgment, responses, memoranda, exhibits, affidavits, and being otherwise advised in the premises finds that Plaintiff's motion should be granted and Defendant's motion should be denied.

### Summary Judgment Standard

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At the summary

judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

**Background Facts**

The United States of America ("Plaintiff" or "USA") brings this civil action to reduce to judgment assessed and unpaid federal income taxes against Defendant David W. Goldston ("Defendant" or "Goldston").

Defendant failed to file a tax return for 1991, and the Secretary of the Treasury prepared a Substitute for Return for 1991 on June 6, 1994. On October 28, 1996, a duly authorized delegate of the Internal Revenue Service ("IRS") made assessments against Defendant for federal income tax liabilities, penalties, interest, and statutory additions, and gave him notice of the assessments and made demand for payment of the assessments as follows:

| | |
|---|---|
| Tax | $146,344.00 |
| Estimated Tax Penalty | $   8,364.00 |
| Miscellaneous Tax Penalty | $112,685.00 |

|  |  |
|---|---|
| Failure to Pay Tax Penalty | $ 30,429.25 |
| Assessed Interest | $103,631.24 |
| Fees and Collection Costs | $      12.00 |
| Amount of Tax Assessed | $401,465.49[1] |

Defendant received an Overpayment Credit of $24,627.00 from a prior tax period. As of October 6, 2006, Defendant's total account balance was $731,237.09 (account balance of $376,838.49[2] + accrued interest of $354,398.60).

In June of 2005, Defendant was convicted of income tax evasion in violation of 26 U.S.C. § 7201. His 1991 federal income tax liabilities were at issue in his trial for criminal tax evasion. As a result of his conviction, he was sentenced to forty-eight months in prison and began serving his sentence on February 28, 2006.

In September of 2007, real property owned by Defendant was sold and proceeds in the amount of $600,000.00 were applied to the balance owed by Defendant.[3] Accordingly, as of May 5, 2008, Defendant's total account balance was $197,465.16.[4]

---

[1] Interest continued to accrue on outstanding balances.

[2] Account balance was computed as follows: Amount of Tax Assessed minus Over Payment Credit from previous Tax Period ($401,465.49 - $24,627.00 = $376,838.49). *See* Dkt. #27-2, Certificate of Official Record dated Oct. 11, 2006.

[3] Defendant asserts that the USA received $600,000.00 in September of 2007 from the sale of his property in Colorado. The USA does not dispute this fact. The USA has not presented records showing the application of such $600,000.00 to the outstanding balance owed by Defendant, however, the amount demanded in these proceedings has been reduced by $600,000.00.

[4] Dkt. #27-3, Declaration of Revenue Officer John Shatraw; *see also* Dkts. #47-6 and #47-7, Declaration of Revenue Officer Ken Colt.

**Discussion**

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402 (Internal Revenue Code). An assessment of federal income tax by the Internal Revenue Service is presumed valid. *Welch v. Helvering*, 290 U.S. 111, 115 (1993); *Bone v. Comm'r*, 324 F.3d 1289, 1293 (11th Cir. 2003). A Certificate of Official Record provides prima facie proof of the assessments for unpaid federal income tax. United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989).

If a taxpayer challenges the assessment, the tax payer bears the burden of overcoming the presumption of correctness by proving, by a preponderance of the evidence, that the Commissioner's determinations were incorrect. *Bone*, 324 F.3d at 1293; *see also Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) ("[a]bsent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct," and "the taxpayer has the burden of proving that the computational method used is arbitrary and without foundation").

In support of his motion for summary judgment and in opposition to USA's motion for summary judgment, Defendant makes four recognizable arguments: (1) the IRS incorrectly applied income resulting from a non-compete agreement in the year in which the agreement was entered rather than amortizing it over a period of five years; (2) the taxable income assessed by the IRS to have been received by Defendant in 1991 (in the amount of $489,957.00) was incorrect, because the amount distributed to him when he liquidated his dental practice pension plan was less than what the IRS examiner relied on in the final filed

tax return for the pension plan(3) Defendant has satisfied his 1991 liabilities to Plaintiff through the posting of bonds; and (4) IRS failed to serve Defendant with required notices.[5]

   1.   *Income from non-compete agreement.*

Upon a review of the exhibits offered by Defendant in support of these arguments, it appears that most of the documents relate to money transfers made and records created prior to 1991, and therefore, are not relevant to these proceedings. For example, Defendant's argument that the IRS improperly applied non-compete income in its computation of his 1991 taxable income is refuted by the records attached. Rather, the records reflect that the non-compete income was applied to Defendant's 1990 taxable income, thus such argument is not relevant herein.

   2.   *Income distributed from pension plan.*

Plaintiff contends that the taxable income assessed by the IRS to have been received by Defendant in 1991 (in the amount of $489,957.00) was incorrect. The affidavit of William Rowse[6] filed by Defendant states that there was a distribution of the remaining pension plan assets in the amount of $480,540 for year end of 1991. Such statement supports Plaintiff's assessments for 1991 and contradicts Defendant's unsworn contention that only $118,000 was distributed to him and his wife.

---

[5] Defendant offers these contentions, but has not provided affidavits disputing the facts presented by Plaintiff. Defendant has not produced records showing that he filed a tax return for 1991.

[6] Dkt. #46-6.

*3.     Bonds.*

The bonds allegedly posted by Defendant have not been accepted by the IRS, because they do not appear to be legitimate financial instruments which have any value. The bonds at issue have not been executed by a surety company holding a certificate of authority from the Secretary of the Treasury or secured by bonds or notes of the United States, as required by Treas. Reg. § 301.7101-1(b)(1).  Defendant has furnished no factual basis to support his contention that the bonds meet the statutory and regulatory requirements for bonds intended to pay off federal tax obligations.  Further, Defendant has furnished no factual basis to support his contention that the IRS accepted such bonds in lieu of payment. Accordingly, the purported bonds do not relieve Defendant from his remaining federal income tax assessments.

*4.     Notice.*

Before an assessment is made, the regular procedure of the IRS is to mail a statutory notice of deficiency to the taxpayer's last known address pursuant to 26 U.S.C. § 6212 by certified mail, return receipt requested.[7]  Plaintiff offers the affidavit of Revenue Officer Shatraw showing that the IRS mailed the statutory notice of deficiency with respect to the Defendant's 1991 federal income tax liabilities.  According to Shatraw's affidavit, the IRS also mailed Defendant a Notice 518 (stating that Goldston's 1991 federal income tax was overdue and unfiled) as well as notices of levy and collection due process.

---

[7] Dkt. #27-3, Affidavit of Revenue Officer John Shatraw.

Finally, Defendant had a full and fair opportunity to litigate the merits of his 1991 federal income tax liabilities in his criminal trial for tax evasion in case styled, *United states v. David W. Goldston*, Case No. 8:03-cr-415-RAL-TGW.  As such, Defendant is collaterally estopped from re-litigating the IRS's assessment of his taxable income for the tax year of 1991.[8]  *I.A. Durbin, Inc v. Jefferson Nat'l. Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).

Defendant has failed to present sufficient evidence that the computational method used by the IRS in calculating his 1991 tax liabilities is arbitrary and without foundation. Thus, Defendant has failed to meet his burden of overcoming the presumption of correctness that attaches to the IRS's assessment.

Accordingly, Defendant has failed to establish that a genuine dispute of material fact exists upon which a reasonable jury could return a verdict in his favor; and therefore, summary judgment should be granted in favor of Plaintiff.

It is therefore ORDERED AND ADJUDGED that:

1. Motion for Summary Judgment by the United States (Dkt. #27) is **GRANTED**.

2. Motion for Summary Judgment by David Goldston (Dkt. #28) is **DENIED**.

---

[8] The Court notes that Defendant has not attacked the IRS's computational methods used to determine penalties and accrued interest on the assessed tax, rather Defendant attacks the IRS's computation of taxable income for the tax year of 1991 in the amount of $489,957.00.

3.  The Clerk is directed to enter **JUDGMENT** in favor of the United States of America and against Defendant David W. Goldston in the amount of **$197,465.16**, plus accruing interest after May 5, 2008.

4.  The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1873.cross msj 27 and 28.wpd